Daniel L. Germain (Cal. Bar No. 143334)
**ROSMAN & GERMAIN APC**
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA  91367-7503
Telephone: (818) 788-0877
E-Mail: Germain@Lalawyer.com

Rania V. Sedhom (pro hac vice admission to be requested)
**SEDHOM LAW GROUP, PLLC**
630 Fifth Avenue, Ste 2508
New York, NY 10111
Telephone: (212) 664-1600
E-Mail: rsedhom@bespokelawfirm.com

Attorneys for Plaintiffs, Collective Action
Members, and the proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMAD ABBOUD, CRYSTAL ROBERSON, AVINASH SOMIR, KAYO SALAKO and MAKAY HAYNES, individually, and on behalf of all other employees similarly situated, <br> *Plaintiffs*, <br> v. <br><br> AUTISM LEARNING PARTNERS, LLC, a limited liability company, <br><br> *Defendant*. | CIVIL ACTION NO.: <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs MOHAMAD ABBOUD, CRYSTAL ROBERSON, AVINASH SOMIR, KAYO SALAKO and MAKAY HAYNES (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys Rosman & Germain APC and Sedhom Law Group, PLLC, bring this action against defendant Autism Learning Partners, LLC ("Defendant"), and allege as follows:

## NATURE OF ACTION

1.  Plaintiffs, former employees of Defendant Autism Learning Partners, LLC, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., for unpaid wages. Plaintiffs assert these claims individually and on behalf of similarly situated current and former non-exempt employees of Defendant, throughout the United States, who elect to opt-in to this action pursuant to the collective action provision of the FLSA, 29 U.S.C. §216(b) ("Collective Action Members"), and allege that Defendant has failed to pay its employees for all time worked including time spent:

    a.  Driving from one client session to the next; and

    b.  Communicating with client families throughout the workday.

2.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs allege on behalf of themselves, and a class of all other similarly situated current and former non-exempt employees of Defendant throughout that United States, that Defendant has:

    a.  Failed to pay its employees minimum wages, in violation of California Labor Code §§ 204 and 1197;

    b.  Failed to indemnify its employees for all necessary business expenses, in violation of California Labor Code § 2802;

    c.  Failed provide its employees with all meal and rest periods, in violation of California Labor Code § 226.7 and the California Industrial Welfare Commission ("IWC") Wage Orders;

    d.  Failed to timely pay wages of terminated employees, in violation of California Labor Code §§ 201 and 202;

e.  Failed to provide employees with required wage notices, in violation of California Labor Code § 2810.5;

f.  Failed to provide employees with required wage notices, in violation of New York Labor Law § 195(1); and

g.  Failed to pay its employees minimum wages, in violation of New York Labor Law § 652.

3.  The Plaintiffs are now suffering and will continue to suffer irreparable injury in the form of monetary damages as a result of Defendant's violations of the aforementioned laws, statutes, and regulations.

## PARTIES, JURISDICTION AND VENUE

4.  Plaintiff Mohamad Abboud ("Mohamad") is a former employee of Defendant Autism Learning Partners, LLC and a resident of the State of California.

5.  Plaintiff Crystal Roberson ("Crystal") is a former employee of Defendant Autism Learning Partners, LLC and a resident of the State of California.

6.  Plaintiff Avinash Somir ("Avinash") is a former employee of Defendant Autism Learning Partners, LLC and a resident of the State of Ohio.

7.  Plaintiff Kayo Salako ("Kayo") is a former employee of Defendant Autism Learning Partners, LLC and a resident of the State of California.

8.  Plaintiff Makay Haynes ("Makay") is a former employee of Defendant Autism Learning Partners, LLC and a resident of the State of California.

9.  Defendant, Autism Learning Partners, LLC, is Delaware Limited Liability Company that provides services to autistic children and their families nationwide, with its principle place of business located at: 1333 S. Mayflower Avenue, Suite 220, Monrovia, California 91016.

10.  This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq., 28 U.S.C. §§ 1331 and 1332(d).

11.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as they are so related to the FLSA claims.

12.     This Court has personal jurisdiction over Defendant because its principal place of business is located in the State of California and it is engaged in business within the State of California.

13.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1332(d)(10) and 1391 because Defendant maintains its principal place of business in Los Angeles County, California.

## STATEMENT OF FACTS

14.     Defendant, Autism Learning Partners, LLC, operates a business that provides services, including behavioral therapy, to children with autism and their families throughout the United States of America.

15.     Defendant maintains office locations in at least 16 states: California, Colorado, Connecticut, Florida, Georgia, Maryland, Massachusetts, New Jersey, New York, New Mexico, North Carolina, Ohio, Oregon, Rhode Island, Texas, and Virginia.

16.     Defendant maintains office locations across 25 counties throughout the State of California.

17.     Upon information and belief, Defendant has at least 1,100 California Employees.

18.     Defendant maintains office locations across 10 counties throughout the State of New York.

19.     Upon information and belief, Defendant has at least 86 New York Employees.

20.     Regardless of what state its employees worked or continue to work in, Defendant has failed and continues to fail to abide by federal and state wage and labor laws.

<u>MOHAMAD ABBOUD ("Mohamad")</u>

21.     From on or about 2019 to August 3, 2024, Mohamad was employed by Defendant as a Behavioral Technician in California.

22.     When hired, Defendant did not provide Mohamad with a wage notice, in contravention of California Labor Code § 2810.5.

23.    While employed by Defendant, Mohamad worked Monday through Friday, 35 hours per week at a rate of $21 per hour.

24.    Throughout his employment with Defendant, Mohamad worked with 2-3 clients per day and drove himself to each client session in his personal vehicle.

25.    At all relevant times, Defendant was responsible for assigning clients to Mohamad and creating Mohamad's work schedule.

26.    Mohamad drove approximately 30 minutes and 20 miles between each client session.

27.    Defendant did not compensate Mohamad for the time he spent driving between client sessions, in contravention of the FLSA and California Labor Code §§ 204 and 1197.

28.    Defendant did not reimburse Mohamad for mileage on days where he drove less than 20 miles and told Mohamad that he was only eligible for mileage reimbursement if he drove 20 miles or more for client sessions, in contravention of California Labor Code § 2802.

29.    Defendant scheduled Mohamad's lunch period in-between client sessions. Based on the schedule provided by Defendant, the distance between client sessions was too far for Mohamad to take a dedicated lunch break and get to the next client session on time. This required Mohamad to eat his lunch while he drove from one client session to the next. Therefore, Defendant did not provide Mohamad with a duty-free lunch period, in contravention of IWC Wage Order 4-2001 § 11(A) and California Labor Code § 226.7.

30.    At no time did Mohamad waive his right to the required lunch period or agree to an "on duty" meal period.

31.    Defendant did not provide Mohamad with a paid duty-free rest period throughout his workday, in contravention of IWC Wage Order 4-2001§ 12(A) and California Labor Code § 226.7.

32.    Throughout his employment, Defendant did not provide Mohamad with a company tablet, laptop or phone to use during working hours. Mohamad was not reimbursed

for the use of his personal devices to perform work related tasks during working hours, in contravention of California Labor Code § 2802.

33. Further, Defendant did not reimburse Mohamad for any reasonable expenses he incurred while working from home, such as the cost of electricity and internet, in contravention of California Labor Code § 2802.

34. Defendant failed to pay Mohamad for any time he spent working throughout the day when he was not physically with a client. This included the 30 minutes per day Mohamad spent answering client family phone calls and text messages, in contravention of the FLSA and California Labor Code §§ 204 and 1197.

35. On Saturday, August 3, 2024, Mohamad resigned from his job with Defendant. Defendant provided Mohamad with his final paycheck on Friday, August 9, 2024, more than 72 hours after he resigned, in contravention of California Labor Code § 202.

36. Therefore, Mohamad is entitled to 3 days of pay at his daily rate of compensation.

<u>CRYSTAL ROBERSON ("Crystal")</u>

37. From on or about April 2022 to January 15, 2024, Crystal was employed by Defendant as a Behavioral Technician in California.

38. When hired, Defendant did not provide Crystal with a wage notice, in contravention of California Labor Code § 2810.5.

39. While employed by Defendant, Crystal worked approximately 22.5 hours per week at a rate of $20.75 per hour.

40. Throughout her employment with Defendant, Crystal worked with 2 clients per day and drove to each client session in her personal vehicle.

41. At all relevant times, Defendant was responsible for assigning clients to Crystal and creating Crystal's work schedule.

42. It took Crystal 20 minutes to drive from her first client session to her second client session.

43.     Defendant did not compensate Crystal the time she spent driving between client sessions, in contravention of the FLSA and California Labor Code §§ 204 and 1197.

44.     Defendant scheduled Crystal's second client session 30 minutes after her first client session ended. Crystal used the 30 minutes in-between client sessions to travel to the second client session. This required Crystal to eat her lunch while she drove from one client session to the next. Therefore, Defendant did not provide Crystal with a duty-free lunch period, in contravention of IWC Wage Order 4-2001 § 11(A) and California Labor Code § 226.7.

45.     At no time did Crystal waive her right to the required lunch period or agree to an "on duty" meal period.

46.     Defendant did not provide Crystal with a paid duty-free rest period throughout her workday, in contravention of IWC Wage Order 4-2001§ 12(A) and California Labor Code § 226.7.

47.     Throughout her employment, Defendant did not provide Crystal with a company tablet, laptop or phone to use during working hours. Crystal was not reimbursed for the use of her personal devices to perform work related tasks during working hours, in contravention of California Labor Code § 2802.

48.     Further, Defendant did not reimburse Crystal for any reasonable expenses she incurred while working from home, such as the cost of electricity and internet, in contravention of California Labor Code § 2802.

49.     Defendant failed to pay Crystal for any time she spent working throughout the day when she was not physically with a client, in contravention of the FLSA and California Labor Code §§ 204 and 1197.

<u>AVINASH SOMIR ("Avinash")</u>

50.     From May 11, 2022 to January 2, 2024, Avinash was employed by Defendant as a Behavioral Technician in Ohio.

51.     While employed by Defendant, Avinash worked Monday through Friday, 30.35 hours per week at a rate of approximately $19.50 per hour.

52.     Throughout his employment with Defendant, Avinash worked with 2-3 clients per day and drove to each client session in his personal vehicle.

53.     At all relevant times, Defendant was responsible for assigning clients to Avinash and creating Avinash's work schedule.

54.     Avinash drove approximately 25 minutes and a minimum of 20 miles between each client session.

55.     Defendant did not compensate Avinash for the time he spent driving between client sessions, in contravention of the FLSA.

56.      Defendant only reimbursed Avinash for mileage on days where he drove 20 miles or more for client sessions.

57.     Avinash was not provided with a dedicated lunch period and was told by Defendant to "eat while driving."

<u>KAYO SALAKO ("Kayo")</u>

58.     From on or about March 2023 to March 1, 2024, Kayo was employed by Defendant as a Behavioral Technician in California.

59.     When hired, Defendant did not provide Kayo with a wage notice, in contravention of California Labor Code § 2810.5.

60.     While employed by Defendant, Kayo worked Monday through Friday, approximately 33.5 hours per week at a rate of $20.50 per hour.

61.     Throughout his employment with Defendant, Kayo worked with 1-2 clients per day and drove to each client session in his personal vehicle. Kayo worked with 1 client per day for 4 months, the remaining 8 months he was employed by Defendant, he worked with 2 clients per day.

62.     At all relevant times, Defendant was responsible for assigning clients to Kayo and creating Kayo's work schedule.

63.     When Kayo worked with 2 clients per day, he drove approximately 17.5 minutes and less than 20 miles between the client sessions.

64.    Kayo's hours of work were monitored through a time tracking application. Defendant instructed Kayo to only "clock-in" for time spent in the client's home. Defendant did not compensate Kayo for any of time he spent driving between client sessions, in contravention of the FLSA and California Labor Code §§ 204 and 1197.

65.    Kayo was told by Defendant that he was only eligible for mileage reimbursement if he drove 20 miles or more between client sessions. Kayo was not reimbursed by Defendant for any mileage driven between client sessions, in contravention of California Labor Code § 2802.

66.    Kayo was not provided with a duty-free lunch period, in contravention of IWC Wage Order 4-2001 § 11(A) and California Labor Code § 226.7.

67.    At no time did Kayo waive his right to the required lunch period or agree to an "on duty" meal period.

68.    Defendant did not provide Kayo with a paid duty-free rest period throughout his workday, in contravention of IWC Wage Order 4-2001§ 12(A) and California Labor Code § 226.7.

69.    Throughout his employment, Defendant did not provide Kayo with a company tablet, laptop or phone to use during working hours. Kayo was not reimbursed for the use of his personal devices to perform work related tasks during working hours, in contravention of California Labor Code § 2802.

70.    Further, Defendant did not reimburse Kayo for any reasonable expenses he incurred while working from home, such as the cost of electricity and internet, in contravention of California Labor Code § 2802.

71.    Kayo provided Defendant with 2 weeks' notice prior to ending his employment. Kayo's last day of employment was Friday, March 1, 2024. Kayo received his final paycheck via mail the following Monday, in contravention of California Labor Code § 202.

<u>MAKAY HAYNES ("Makay")</u>

72.    From on or about October 2022 to on or about April 2023, Makay was employed by Defendant as a Behavioral Technician in California.

73.    When hired, Defendant did not provide Makay with a wage notice, in contravention of California Labor Code § 2810.5.

74.    While employed by Defendant, Makay worked approximately 35 hours per week at a rate of $22 per hour.

75.    Throughout her employment with Defendant, Makay worked with 3 clients per day and drove to each client session in her personal vehicle.

76.    Makay drove approximately 17.5 minutes and 10 miles between each client session.

77.    Defendant did not compensate Makay for any of time she spent driving between client sessions, in contravention of the FLSA and California Labor Code §§ 204 and 1197.

78.    Makay was only reimbursed for mileage driven between client sessions if the 20 mile threshold was met, in contravention of California Labor Code § 2802.

79.    Defendant did not provide Makay with a duty-free lunch period and she would eat lunch while with her clients, in contravention of IWC Wage Order 4-2001 § 11(A) and California Labor Code § 226.7.

80.    At no time did Makay waive her right to the required lunch period or agree to an "on duty" meal period.

81.    Defendant did not provide Makay with a paid duty-free rest period throughout her workday in contravention of IWC Wage Order 4-2001§ 12(A) and California Labor Code § 226.7.

82.    Throughout her employment, Defendant did not provide Makay with a company tablet, laptop or phone to use during working hours. Makay was not reimbursed for the use of her personal devices to perform work related tasks during working hours, in contravention of California Labor Code § 2802.

83.    Further, Defendant did not reimburse Makay for any reasonable expenses she incurred while working from home, such as the cost of electricity and internet, in contravention of California Labor Code § 2802.

84.    Defendant failed to pay Makay for any time she spent working throughout the day when she was not physically with a client, in contravention of the FLSA and California Labor Code §§ 204 and 1197.

## COLLECTIVE ACTION ALLEGATIONS

85.    Pursuant to 29 U.S.C. § 206, Plaintiffs seek to prosecute their claims as a collective action on behalf of themselves and all other employees or former employees of Defendant throughout the United States from 2021 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, who were not paid wages for all time worked, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "Collective Action Members").

86.    The FLSA requires employers to pay their employees for all travel time that is part of the employee's principal activity, this includes travel from one job site to another throughout the workday.

87.    As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to Plaintiffs and the Collective Action Members. This conduct includes, but is not limited to, willfully failing to pay its employees for work-related tasks, such as driving from one client session to the next client session and communicating with client families throughout the workday.

88.    Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the Collective Action Members minimum wage for all hours worked.

89.    Defendant's conduct has been widespread, repeated, and consistent.

90.    Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Action Members.

91.    Upon information and belief, the Collective Action Members consists of many similarly situated individuals who have been underpaid by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are

known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

92.    Plaintiffs sue on their own behalf and on behalf of a class of persons under 28 U.S.C. § 1367, the Class Action Fairness Act of 2005 ("CAFA"), and Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

93.    The putative class is defined as any non-exempt employee or former employee who worked for Autism Learning Partners, LLC, throughout the United States, within the statute of limitations period (the "Class").

94.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

a.    <u>Numerosity</u>: The members of this Class are so numerous that separate actions or joinder of parties, whether required or permitted, is impracticable. The membership of the Class is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than 2,500 individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

b.    <u>Typicality</u>: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each member of the Class with whom there is a shared, well-defined community of interest, and Plaintiffs' claims are typical of all Class members' claims as demonstrated herein.

c.    <u>Adequacy</u>: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each member of the Class with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no conflicts with or interests antagonistic to any member of the Class. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be

necessarily expended for the prosecution of this action for the substantial benefit of each class member.

        d.    <u>Superiority</u>: A Class Action is superior to other available methods for the fair, just and efficient adjudication of the claims asserted herein. Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims. Moreover, prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications and would unduly burden the courts.

    95.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual members of each class, and include, but are not limited to, the following:

        a.    Whether Defendant has failed to compensate Class members for all wages earned;

        b.    Whether Defendant has failed to reimburse Class members for all necessary business expenses, including for gas mileage, the cost of personal devices, and home expenses incurred by Class members working remotely;

        c.    Whether Defendant has provided Class members with all required meal and rest periods;

        d.    Whether Defendant has failed to promptly pay all wages due to Class members upon their discharge or resignation;

        e.    Whether Defendant has provided Class members with the required wage notices throughout their employment;

        f.    Whether Defendant has provided Class members with the required separation notices upon their discharge or resignation;

    96.    The principle common question of fact for the Class is whether the members of the Class were harmed as a result of Defendant's violation of state wage and labor laws, as alleged herein.

97.    Plaintiff and the members of the Class have been damaged and are entitled to recovery because of Defendant's common and uniform policies and procedures.

## FIRST CAUSE OF ACTION

### Violation of the FLSA

98.    Plaintiffs repeat and re-alleged paragraphs 1 through 97 as fully set forth herein.

99.    Defendant failed to pay Plaintiffs and the Collective Action Members the minimum wages to which they are entitled under the FLSA.

100.    At all relevant times Defendant has been and continues to be an employer engaged in commerce and/or the production of goods for commerce, within the meaning of the 29 U.S.C. §§ 203(e) and 206(a).

101.    At all times relevant, Plaintiff and the Collective Action Members were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

102.    At all times relevant, Plaintiff and the Collective Action Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

103.    At all relevant times Defendant employed, or continues to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

104.    At all relevant times the Defendant had and/or continues to have a widespread policy, pattern, and practice of refusing to pay its employees, including Plaintiffs and the Collective Action Members, for any time worked not physically spent with clients, including, time spent driving between client appointments and communicating with client families throughout the workday.

105.    As a result of Defendant's violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

106. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Collective Action Members

107. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 204 and 1197

108. Plaintiffs repeat and re-alleged paragraphs 1 through 107 as fully set forth herein.

109. Under California Labor Code § 204, employees are entitled to timely payment of all wages earned.

110. Further, under California Labor Code § 1197, it is unlawful for employers to pay employees less than the minimum wage set by the California Labor Commission.

111. Pursuant to California Labor Code § 1194(a), any employee receiving less than the applicable legal minimum wage is entitled to recover the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

112. At all relevant times the Defendant had and/or continues to have a widespread policy, pattern, and practice of refusing to pay its employees, including Plaintiffs and the Class members, for any time worked not physically spent with clients, including, time spent driving between client appointments and communicating with client families throughout the work day.

113. As a result, Defendant has violated and continues to violate California Labor Code §§ 204 and 1197.

/////

/////

### THIRD CAUSE OF ACTION

<u>Violation of California Labor Code § 2802</u>

114.   Plaintiffs repeat and re-alleged paragraphs 1 through 113 as fully set forth herein.

115.   Under California Labor Code § 2802, employers are required to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties or of their obedience to the directions of Defendant.

116.   Pursuant to § 2802(c), the term "necessary expenditures or losses" includes all reasonable costs. Reasonable costs include reimbursement for: the miles driven by an employee in their own vehicle for work related tasks; the use of employees personal devices to perform work related tasks; and expenses incurred while working from home, such as the cost of electricity and internet.

117.   Defendant requires its employees to use their own vehicles to travel from one client to the next.

118.   At all relevant times the Defendant had and/or continues to have a policy and practice of refusing to reimburse it's employees for the mileage driven between client visits, if the mileage driven per day is/was less than 20 miles.

119.   Defendant requires its employees to use their personal devices, such as phones, tablets, and laptops to perform work related tasks throughout the workday.

120.   At all relevant times the Defendant has failed and/or continues to fail to reimburse its employees for the costs associated with the use of their personal devices to perform work related tasks throughout the workday.

121.   Defendant requires its employees to perform work related tasks while in their own homes, during which time employees incur certain expenses, including the cost of electricity and internet.

122.    At all relevant times the Defendant has failed and/or continues to fail to reimburse its employees for expenses incurred while working from home, such as the cost of electricity and internet.

123.    As a result, Defendant has violated and continues to violate California Labor Code § 2802 by failing to pay and indemnify its employees, for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties.

**FOURTH CAUSE OF ACTION**

<u>Violation of California Labor Code § 226.7 and the IWC Wage Orders</u>

124.    Plaintiffs repeat and re-alleged paragraphs 1 through 123 as fully set forth herein.

125.    Under California Labor Code § 226.7, employers cannot require employees to work during a meal or rest period.

126.    Pursuant to IWC Wage Order 4-2001 § 11(A), employees who work for more than 5 hours are entitled to an duty-free unpaid 30 minute meal period. If an employee is not relieved of all duty during this 30 minute meal period, the meal period shall be considered an "on duty" meal period and must be paid. On duty meal periods are only permitted upon written agreement by the employee and employer.

127.    Pursuant to IWC Wage Order 4-2001 § 12(A), employees who work at least 3.5 hours are entitled to a paid duty-free 10 minute rest period.

128.    Under IWC Wage Order 4-2001 § 11(B), employees are entitled to recover 1 hour of pay at the employee's regular rate of compensation for each workday that their employer fails to provide the required unpaid duty-free meal period.

129.    Under IWC Wage Order 4-2001 § 12(B), employees are entitled to recover 1 hour of pay at the employee's regular rate of compensation for each workday that their employer fails to provide the required paid duty-free rest period.

130.    At all relevant times the Defendant had and/or continues to have a policy and practice of requiring its employees to work during their meal and/or rest periods.

131.   Defendant has violated and continues to violate California Labor Code § 226.7 and IWC Wage Orders by requiring its employees to work during their meal and/or rest periods.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

132.   Plaintiffs repeat and re-alleged paragraphs 1 through 131 as fully set forth herein.

133.   Under California Labor Code §§ 201 and 202, if an employer discharges an employee, the employee's earned and unpaid wages at the time of discharge are due and payable immediately, and if an employee voluntarily leaves their employment, the employee's wages shall become due and payable no later than 72 hours thereafter, unless the employee has given 72 hours' notice of their intention to quit, in which case the employee is entitled to final wages at the time of quitting.

134.   Under California Labor Code § 203, employers who willfully fail to comply with California Labor Code §§ 201 and 202 are liable to the affected employees for a waiting time penalty, in the amount of the employee's daily rate of pay, for up to 30 days after the date of discharge or resignation.

135.   Defendant is aware or should have been aware that California law requires it to timely pay its employees for all owed wages.

136.   At all relevant times the Defendant had and/or continues to have a policy and practice of intentionally paying employees who have been discharged or resigned their final wages more than 72 hours after their date of termination.

137.   As a result, Defendant has violated, and continues to violate California Labor Code §§ 201-202.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 2810.5

138.   Plaintiffs repeat and re-alleged paragraphs 1 through 137 as fully set forth herein.

139.   Under California Labor Code § 2810.5, employers are required to provide employees with written notice of key employment information like pay rates, pay days, workers' compensation information, and paid sick leave at the time of hire and within 7 days of change any time this information changes thereafter.

140.   At all relevant times the Defendant has failed and/or continues to fail to provide employees with the required § 2810.5 notice in violation of California Labor Code.

### SEVENTH CAUSE OF ACTION

<u>Violation of New York Labor Law § 195</u>

141.   Plaintiffs repeat and re-alleged paragraphs 1 through 140 as fully set forth herein.

142.   Under New York Labor Law § 195, employers are required to provide their employees with a written wage notice containing the employer's business information and the employee's salary details, including the rate and frequency of pay, at the time of hire and any time the employee's wage information changes thereafter.

143.   Under New York Labor Law § 198, failure to provide notice pursuant to New York Labor Law § 195 entitles each affected employee to recover up to $5,000 from their employer.

144.   Defendant conducts business and maintains employees throughout the State of New York.

145.   Upon information and belief, Defendant has violated and continues to violate New York Labor Law § 195.

### EIGHTH CAUSE OF ACTION

<u>Violation of New York Labor Law § 652</u>

146.   Plaintiffs repeat and re-alleged paragraphs 1 through 145 as fully set forth herein.

147.   Under New York Labor Law § 652, employers may not pay employees less than the state minimum wage for each hour worked.

148.    Under New York Labor Law § 198, employees who received less than minimum wage for each hour worked are entitled to recover the full amount of any underpayment, reasonable attorney's fees, prejudgment interest, and liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

149.    Defendant conducts business and maintains employees throughout the State of New York.

150.    At all relevant times the Defendant had and/or continues to have a widespread policy, pattern, and practice of refusing to pay its employees, including Plaintiffs and the Class members, for any time worked not physically spent with clients, including, time spent driving between client appointments and communicating with client families throughout the work day.

151.    Upon information and belief, Defendant has violated and continues to violate New York Labor Law § 652.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all others similarly Collective Action Members and the Class, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the situated Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent situated Collective Action Members;

b.    Certification of this action as a class action pursuant to Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of the members of the class and appointing Plaintiffs and their counsel to represent the class;

c.    An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, California Law, and New York Law;

e.      An injunction against the Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA;

g.      An award of unpaid wages and reimbursement of necessary business expenses under California Labor Code §§ 1194(a) and 2802;

h.      An award of unpaid wages pursuant to New York Labor Law § 198;

i.      An award of statutory wage penalties pursuant to IWC Wage Orders 4-2001 §§ 11(B), 12(B) and 20, California Labor Code§ 203, and New York Labor Law § 198;

j.      An award of liquidated and/or punitive damages as a result of the Defendant's failure to abide by federal and state wage and labor laws;

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and the Class, demand a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted,

Dated: November 25, 2024

**ROSMAN & GERMAIN APC**
Daniel L. Germain (Cal. Bar No. 143334)

**SEDHOM LAW GROUP, PLLC**
Rania V. Sedhom (Pro Hac Vice admission to be requested)

By: */s/ Daniel L. Germain*
         Daniel L. Germain

Attorneys for Plaintiffs, Collective Action Members, and the proposed Class